UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00124-LLK

**RONI RANEE HARRISON**                                                                                        **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Disability Insurance Benefits under Title II of the Social Security Act.  Plaintiff's motion for summary judgment is at Doc. 9, and the Commissioner's response in opposition is at Doc. 15.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [Doc. 7].

Plaintiff makes four arguments.  Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Procedural history**

In January 2013, Plaintiff filed a prior claim for Title II benefits, alleging disability beginning in October 2010.  [Administrative Record, Doc. 6 at 104].

In January 2015, the prior ALJ issued the Commissioner's prior final decision denying Plaintiff's claim.  *Id.* at 116.

In March 2015, Plaintiff filed the present claim, alleging disability beginning in January 2015.  *Id.* at 178.

In December 2015, Plaintiff's insured status for Title II benefits expired.  *Id.* at 30.

In December 2016, this Court affirmed the Commissioner's prior final decision. *Harrison v. Comm'r of Soc. Sec.*, No. 5:16-CV-00056-LLK, 2016 WL 7394576 (W.D. Ky. Dec. 21, 2016).

In October 2018, the ALJ issued a decision denying Plaintiff's present claim. [Doc. 6 at 187].

In October 2019, the Appeals Council remanded for a new decision. *Id.* at 198.

In July 2020, the ALJ issued a new decision denying Plaintiff's claim. *Id.* at 30.

In July 2021, the ALJ's new decision became the Commissioner's final decision (presently before the Court on judicial review), when the Appeals Council declined to disturb the ALJ's new decision. *Id.* at 1.

## The ALJ's decision

The ALJ concluded that Plaintiff was not disabled between January 28, 2015, when she alleges that she became disabled, and December 31, 2015, when her insured status for Title II benefits expired. [Doc. 6 at 30].

In support, the ALJ followed the 5-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff did not, during the relevant period, engage in substantial gainful activity. *Id.* at 18.

Second, the ALJ found that Plaintiff suffered from the following severe, or vocationally significant, impairments: fibromyalgia/chronic pain syndrome, osteoarthritis, headaches, psychogenic tremor, a cognitive disorder, a dysthymic disorder, and a somatoform disorder. *Id.*

Third, the ALJ found that Plaintiff's impairments did not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that, notwithstanding her physical impairments, Plaintiff could:

> … perform light work as defined in 20 CFR 404.1567(b) except she was unable to climb ladders, ropes or scaffolds. She could occasionally stoop, kneel, crouch, crawl and climb ramps and stairs.

> She could frequently balance. She could frequently handle and finger with the bilateral upper extremities. She could frequently reach overhead with the bilateral upper extremities. She could frequently operate hand and foot controls. She was precluded from all exposure to vibration and hazards.

*Id.* at 20. The ALJ found that, notwithstanding her mental impairments, Plaintiff could:

> … understand, remember and carry out simple instructions requiring only a 30-day learning period. She could concentrate, persist and maintain pace for simple tasks requiring little independent judgment and minimal variation. She could occasionally interact with the public. She was limited to a routine work environment.

*Id.*

Fourth, the ALJ found that Plaintiff was unable to perform any past relevant work. *Id.* at 28.

Fifth, the ALJ found that Plaintiff can perform a significant number of unskilled, light jobs in the national economy such as bottling line inspector, garment sorter, garment/laundry bagger. *Id.* at 30.

## The ALJ did not misapply *Drummond* or administrative res judicata.

First, Plaintiff argues that "[t]he ALJ misapplied the holding in *Drummond v. Commissioner of Social Security* and the law of *Res Judicata*." [Doc. 9-2 at PageID.1464].

In *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), the prior ALJ denied Drummond's claim based on a finding that she had a residual functional capacity (RFC) limited to sedentary work. After her age category changed, Drummond filed a new application for benefits, which, assuming her RFC did not improve, would have resulted in an ultimate finding of disability based on direct application of the Appendix 2 rules. However, without citing evidence of medical improvement, the ALJ reevaluated Drummond's RFC and found that she could now perform medium work. *Drummond* held that the ALJ erred in reevaluating Drummond's RFC and ordered payment of benefits. The holding was based on principles of fairness (to protect claimants from arbitrary re-adjudications of RFCs in subsequent claims) and administrative res judicata. "Just as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner." *Id.* at 842.

In adopting Acquiescence Ruling (AR) 98-4(6), the Social Security Administration recognized the applicability of *Drummond* in cases arising within the Sixth Circuit. AR 98-4(6) applies *Drummond* to a claimant's "residual functional capacity (RFC) or other finding required at a step in the sequential evaluation process for determining disability." AR 98-4(6), 1998 WL 283902, at *3.

Plaintiff's first argument is unpersuasive for three reasons.

First, the ALJ correctly declined to apply *Drummond* in determining Plaintiff's mental RFC. Whereas the ALJ in *Drummond* erroneously found improvement of Drummond's physical RFC in the absence of evidence of medical improvement, the ALJ in the present case acknowledged a worsening of Plaintiff's RFC by virtue of new mental impairments. The ALJ explained why *Drummond* was inapplicable:

> In regards to the claimant's mental impairments, the prior Administrative Law Judge found no severe mental impairment. However, given the preponderance of evidence, I find the claimant does have severe medically determinable mental impairments. Therefore, the provisions of *Drummond* are not applicable and I give no weight to the prior Administrative Law Judge's decision in reaching the conclusions herein.

[Doc. 6 at 27].

Second, the ALJ correctly applied *Drummond*-based principles to determine Plaintiff's physical RFC. In *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018), the Sixth Circuit returned to *Drummond* to address the question of whether res judicata applies only when it favors a claimant (as in *Drummond*) or also when it favors the Commissioner. Res judicata favored the Commissioner in *Earley* because the prior ALJ found that Earley could perform light work and the ALJ believed that he was bound to that finding due to an absence of "new and material evidence documenting a significant change in [Earley's] condition." *Id.* at 930.

*Earley* explained that the "correct standard" contemplates a balance between a "fresh" look at the medical evidence since the prior decision and deference to prior findings. On one hand, res judicata does not "prevent the [ALJ] from giving a fresh look to a new application containing new evidence." *Id.* at 931. But, on the other hand, there is nothing wrong with an ALJ's "being mindful of ... the record in prior

proceedings," with an eye toward ensuring that "the second filing [does not merely] mimic[ ] the first one." *Id.* at 933. "What's past likely will be precedent in that [mimicry] setting—as indeed it should be in a system designed to apply the law consistently to similarly situated individuals." *Id.* at 933-34.

Consistently with the foregoing standards, in determining Plaintiff's physical RFC, the ALJ explained that:

> As held in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Circuit 1997), an Administrative Law Judge is bound by the findings of another Administrative Law Judge in a prior determination on the claimant's eligibility for social security benefits absent evidence of significant change in a claimant's condition. The prior Administrative Law Judge found the claimant capable of a range of light work, and I give great weight to the light residual functional capacity as new and material evidence does not support any significant change in the claimant's impairments since the January 26, 2015, hearing decision. I, however, have found some additional medically determinable impairments and some greater postural and manipulative limitations given the record as a whole.

[Doc. 6 at 26].

Third, Plaintiff's argument appears to be based on a false assumption, which is that principles of administrative res judicata (somehow) require that an ALJ's RFC determination in a subsequent claim be based on new medical evidence. Plaintiff misinterpret *Drummond*'s requirement that, when a new claim is filed, the ALJ must take a fresh look at the evidence as imposing an additional requirement that the fresh look be based on new medical evidence.

The primary new medical evidence in this case (not in existence at the time of the prior decision) was from treating source, Tom Wagner, Ph.D. Dr. Wagner's opinions and the ALJ's decision to give those opinions "little weight" are discussed below in connection with Plaintiff's remaining arguments. The primary old medical evidence, which Plaintiff criticizes the ALJ for relying (or relying too heavily) on, was from treating sources, Richard Blalock, M.D., and Chris King, M.D., and from examining sources, Bruce Amble, Ph.D., and Michael Nicholas, Ph.D.

### The ALJ adequately followed the Appeals Council remand order.

Second, Plaintiff argues that "[t]he ALJ failed to carry out the dictates of the Appeals Council on remand." [Doc. 9-2 at PageID.1466].

As noted above, the ALJ's decision in this case followed a remand by the Appeals Council for a new decision. The Appeals Council ordered the ALJ to evaluate the medical opinion of Tom Wagner, Ph.D., and Plaintiff's fibromyalgia. [Doc. 6 at 197-98].

Plaintiff's argument is unpersuasive for three reasons.

First, the argument is not cognizable on judicial review. Although the "Sixth Circuit has not addressed the issue, ... the overwhelming majority of courts in this circuit ... have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand." *Hubbard v. Comm'r*, No. CV 18-11758, 2019 WL 4866733, at *3 (E.D. Mich. June 10, 2019) (report adopted) (collecting authorities).

Second, in declining to assume jurisdiction to review the ALJ's latest decision, the Appeals Council implicitly found that the ALJ adequately addressed its initial concerns.

Third, the ALJ's decision evaluated Dr. Wagner's opinions and Plaintiff's fibromyalgia (as ordered).

### The ALJ did not "play doctor."

Third, Plaintiff argues that, in giving "little weight" to Dr. Wagner's opinions, "[t]he ALJ incorrectly succumbed to the temptation to play doctor." [Doc. 9-2 at PageID.1469].

Plaintiff began treatment with Dr. Wagner in June 2017, approximately a year and a half after her insured status expired in December 2015. [Doc. 6 at 30, 1104-05]. Dr. Wagner is a psychologist who formerly served as a vocational expert for the Social Security Administration and currently serves as a medical expert. *Id.* at 197. Dr. Wagner opined (in a deposition, Doc. 6 at 1172-90) that Plaintiff would have moderate to marked limitations in concentration, persistence, and pace, moderate to marked limitations in reliability, would be absent more than 2 days per month and would be unable to sustain a

6

40-hour work week.  *Id.*  Dr. Wagner opined, based on his review of Plaintiff's old medical records, that these limitations were likely present back in January 2015.  *Id.* at 1189.

According to Plaintiff, if an ALJ declines to defer to new medical evidence submitted by a claimant in support of a subsequent claim (e.g., Dr. Wagner's opinions), such ALJ's RFC determination amounts to "playing doctor."

The argument is unpersuasive for two reasons.

First, the argument appears to be based on the same false assumption discussed above in connection with Plaintiff's first argument, which is that an ALJ's RFC determination in a subsequent claim must be based on new medical evidence.

Second, the ALJ properly gave "little weight" to Dr. Wagner's opinions (for the reasons discussed below in connection with Plaintiff's fourth and final argument).

**The ALJ's weighing of Dr. Wagner's opinions did not violate the "treating physician" rule.**

Fourth, Plaintiff argues that "[t]he ALJ did not follow the treating physician's rule."  [Doc. 9-2 at PageID. 1471].

As noted above, Plaintiff filed the present claim in March 2015.  [Doc. 6 at 178].  Therefore, the old rules for weighing medical opinions at 20 C.F.R. § 404.1527 apply.  *Compare* 20 C.F.R. § 404.1527(c)(2) (2020) ("For claims filed before March 27, 2017, the rules in this section apply."), with 20 C.F.R. § 404.1520c (2020) ("For claims filed on or after March 27, 2017, the rules in this section apply.").

Under the old rules, a treating source medical opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record."  20 C.F.R. § 404.1527(c)(2).  The ALJ offered substantial reasons for declining to give Dr. Wagner's opinions controlling weight:

> In a sworn deposition from Dr. Wagner on April 16, 2018, he assessed mental limitations, which would preclude sustained work activity due to her mental impairments. He assessed the claimant with a somatoform disorder. However, despite the disabling deposition, a review of his treatment notes indicate the claimant overall described her symptoms as occasional and mild to moderate.

> She also reported "random" feelings of anxiety and depression. Overall, the treatment notes of Dr. Wagner do not support the severe and extreme degree of limitation presented in the deposition, which is given little weight. Although Dr. Wagner acknowledged reviewing the entire medical record, his opinion that the claimant's impairments were equal in severity to the Listings and precluded all work since January 2015 is not persuasive given the treatment notes of record reflecting infrequent and vague complaints of depression. Her alleged problems with memory were also inconsistent with valid testing. It wasn't until 18 months after the date last insured expired that the claimant established treatment with Dr. Wagner at which time she described her symptoms as occasional and mild to moderate. For these reasons, Dr. Wagner opinion is given little weight.

[Doc. 6 at 28].

Where (as here), the ALJ declined to give controlling weight to the treating source medical opinion, the ALJ must determine what weight to give the opinion by looking at the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating source. 20 C.F.R. §§ 404.1527(c)(2) - (6). While Plaintiff may disagree with the ALJ's weighing of these factors in support of a conclusion that Dr. Wagner's opinions are entitled to "little weight," the "substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009).

### There is no requirement that an ALJ's RFC determination in a subsequent claim be based on new medical evidence.

As indicated above, Plaintiff's first and third arguments share a common false assumption, which is that, in making a decision on a subsequent claim, an ALJ must base the new RFC determination on new medical evidence. According to Argument 1, principles of administrative res judicata prohibit such an ALJ from relying (or relying too heavily) on medical evidence pre-dating the prior decision. According to Argument 3, if an ALJ declines to defer to new medical evidence submitted by a claimant in support of a subsequent claim (e.g., Dr. Wagner's opinions), such ALJ's RFC determination amounts to "playing doctor." Plaintiff cites and this Opinion finds no support for the underlying assumption.

8

> According to the Commissioner:
>
> Plaintiff now argues that the ALJ somehow violated the dictates of *Drummond* by considering evidence pre-dating the 2015 ALJ decision (Pl. Br. 11-13). This argument is nonsensical. Notably, Plaintiff does not cite any authority for her argument that the ALJ could not consider this evidence. And a "fresh look" at all of the record evidence is exactly what *Earley* requires. See [*Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 931 (6th Cir. 2018)].

[Doc. 15 at PageID.1490-91]. This Opinion does not find Plaintiff's argument to be nonsensical but merely unprecedented.

This Opinion, however, declines to extend precedent in the direction suggested by Plaintiff for two reasons. First, it would effectively put the burden on the ALJ, in the case of a subsequent claim, to provide a medical basis in support of a finding of lack of disability. But, in all social security disability cases, the ultimate "burden lies with the claimant to prove that she is disabled." *Ferguson v. Comm'r*, 628 F.3d 269, 275 (6th Cir. 2010); *see also Bowen v. Yuckert*, 482 U.S. 137, n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."). Second, Plaintiff's proposal is at odds with the principle that an ALJ's RFC determination is not exclusively a medical determination. Rather, it is based on a variety of medical and nonmedical factors and is "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2). "No bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding." *Tucker v. Comm'r*, 775 F. App'x 220, 226 (6th Cir. 2019). An ALJ does not, however, "improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r*, 342 F. App'x 149, 157 (6th Cir. 2009).

## ORDER

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

May 3, 2022

Lanny King, Magistrate Judge
United States District Court